FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** <br> McCOMMAS LFG PROCESSING PARTNERS, LP et al | **DEFENDANTS** <br> MMR GROUP, INC. et al |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> John C. Leininger, Sam Stricklin, Bracewell & Giuliani LLP <br> 1445 Ross Avenue, Suite 3800, Dallas, TX 75202 - 214-758-1000 | **ATTORNEYS** (If Known) <br> Michael K. Hurst, Gruber Hurst Johansen & Hail LLP |
| **PARTY** (Check One Box Only) <br> ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☒ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☒ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Removal

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce/sep property settlement/decree
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☒ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR McCommas LFG Processing Partners, LP | | BANKRUPTCY CASE NO. 07-32219-HDH |
| DISTRICT IN WHICH CASE IS PENDING Northern District of Texas | DIVISIONAL OFFICE Dallas | NAME OF JUDGE Harlin D. Hale |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *[signature]* | | |
| DATE 8/3/07 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) John C. Leininger | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

Samuel M. Stricklin
State Bar No. 19397050
John C. Leininger
State Bar No. 24007544
1445 Ross Ave., Suite 3800
Dallas, Texas 75202
(214) 758-1000 (Telephone)
(214) 758-8343 (Facsimile)

Attorneys for Chapter 11 Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| McCOMMAS LFG PROCESSING PARTNERS, LP, and McCOMMAS LANDFILL PARTNERS, LP, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Adversary No. 07-_____ |
| MMR GROUP, INC., MMR POWER SOLUTIONS, LLC, MMR CONSTRUCTORS, INC., JAMES "PEPPER" RUTLAND, AND J. TAYLOR CHEEK, Individually, | § § § § § § | |
| Defendants. | § | |
| MMR GROUP, INC., MMR POWER SOLUTIONS, LLC and MMR CONSTRUCTORS, INC., | § § § § | |
| Counter-Plaintiffs, | § § | |
| v. | § § | |
| McCOMMAS LFG PROCESSING PARTNERS, LP, McCOMMAS LFG PROCESSING MANAGEMENT, LLC, ES ENERGY SOLUTIONS, LP, EFO ENERGY, INC., EFO HOLDINGS, LP, EFO GENPAR, INC., McCOMMAS LANDFILL PARTNERS, LP, WILLIAM ESPING, BRIAN KUEKER, AND T. EDWARD McDANIEL, | § § § § § § § § § § | |

|   |   |
|---|---|
| Counter-Defendants. | § § |

## NOTICE OF REMOVAL

Pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §§ 1334, 1441(b) and 1452(b), William Snyder, Chapter 11 Trustee (the "Trustee") of McCommas LFG Processing Partners, LP and McCommas Landfill Partners, LP (the "Debtors"), gives notice that all claims and causes of action set forth in the matter captioned *McCommas LFG Processing Partners, LP and McCommas Landfill Partners, LP v. MMR Group, Inc., MMR Power Solutions, LLC, MMR Constructors, Inc., James "Pepper" Rutland and J. Taylor Cheek* (the "State Court Proceeding"), Cause No. 06-03542, filed in the District Court for the 68th Judicial District of Dallas County Texas (the "State Court"), are hereby removed to the United States Bankruptcy Court for the Northern District of Texas. Removal is based upon the following:

## BACKGROUND

1. On April 12, 2006 the Debtors filed a petition for declaratory judgment relief (the "Petition") against MMR Group, Inc., MMR Power Solutions, LLC, MMR Constructors, Inc., James "Pepper" Rutland and J. Taylor Cheek (the "Defendants") in the State Court. The Debtors sought a declaration from the State Court that, among other things, there was no agreement or other understanding between the Debtors and Defendants with respect to the Defendants constructing a power generation facility for the Debtors. On April 23, 2006, the Debtors amended their Petition, adding an application for injunctive relief against the Defendants.[1] The Debtors requested that the Court restrain the Defendants from filing or recording any type of lien on the Debtors' property. The Defendants timely answered and filed a counterclaim against the

DALLAS\337531.1

-2-

Debtors on June 12, 2006 which was amended on November 30, 2006. Defendants' claims against the Debtors in State Court include: foreclosure on a mechanic's and materialman's lien, breach of contract, promissory estoppel, quantum meruit, negligent misrepresentation, fraud and/or fraudulent omission, fraudulent inducement, and interception of oral and electronic communications under Texas and federal law. While extensive written discovery has been exchanged between the parties, no depositions have been taken to date. The State Court action is currently set for jury trial on January 15, 2008 before the Honorable Martin Hoffman.

2. On May 7, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").

3. By order dated May 21, 2007, the Trustee was appointed as the sole chapter 11 trustee for the Debtors' bankruptcy estates.

## REMOVAL AND AUTOMATIC REFERENCE

4. The claims asserted by the parties in the State Court Proceeding are related to cases under the Bankruptcy Code, namely the Debtors' cases pending before the Bankruptcy Court. The claims asserted in the State Court Proceeding are civil in nature.

5. The Petition is not pending before the United States Tax Court, and the Petition was not brought by a governmental unit to enforce such governmental unit's police or regulatory power. Therefore, the United States District Court for the Northern District of Texas, and

---

[1] The Debtors have since amended their Petition two more times, on May 3, 2006 and again on January 12, 2007. *See* Appendix.

pursuant to that Court's Miscellaneous Order No. 33(c)(1), the Bankruptcy Court has jurisdiction over the Petition pursuant to 28 U.S.C. §§ 1334 and 1452(a).

6. The Trustee believes the claims asserted in the State Court Proceeding are core proceedings within the meaning of 28 U.S.C. § 157(b). Among other things, the claims are matters concerning the administration of the Debtors' estates, involve the allowance or disallowance of claims against the Debtors' estates, and involve the adjustment of a debtor-creditor relationship. To the extent that a determination is made that any of the claims made in the State Court Proceeding are non-core but related to the Debtors' cases, the Trustee consents to the entry of final orders or a judgment by the Bankruptcy Court.

## TIMELINESS OF REMOVAL

7. The State Court Proceeding commenced before the Petition Date. Accordingly, pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(2)(A), the removal is timely.

## MISCELLANEOUS

8. All prerequisites for removal under 28 U.S.C. § 1452, Federal Rule of Bankruptcy Procedure 9027 and any other applicable provisions of law have been met.

9. The Trustee will promptly file a true and correct copy of the Notice of Removal with the clerk of the State Court.

10. The Trustee will promptly serve a true and correct copy of this Notice of Removal upon counsel for all parties with an interest in this removed action.

11. Copies of all process and pleadings in the underlying action are attached hereto.

WHEREFORE, the Trustee hereby removes all claims and causes of action contained in the State Court Proceeding pending in the State Court to the Bankruptcy Court.

Respectfully submitted,

*/s/ John C. Leininger*
Samuel M. Stricklin
State Bar No. 19397050
John C. Leininger
State Bar No. 24007544
1445 Ross Ave., Suite 3800
Dallas, Texas 75202
(214) 758-1000 (Telephone)
(214) 758-8343 (Facsimile)

Attorneys for Chapter 11 Trustee

### CERTIFICATE OF SERVICE

I, John C. Leininger, hereby certify that a true and correct copy of the foregoing has been served First Class United States mail, postage prepaid, unless otherwise indicated on this the 3rd day of August, 2007, to the parties as set forth below.

*/s/ John C. Leininger*
John C. Leininger

Michael K. Hurst
Nadine M. Slovak
Gruber Hurst Johansen & Hail LLP
1445 Ross Ave., Suite 4800
Dallas, TX 75202

Edward P. Perrin, Jr., Esq.
James N. Henry, Jr., Esq.
Hallett & Perrin, PC
2001 Bryan Street, Suite 3900
Dallas, TX 75201

James S. Robertson, III, Esq.
Glast, Phillips & Murray, PC
2200 One Galleria Tower
13355 Noel Road, L.B. 48
Dallas, TX 75240-1518

Leonard A. Hirsch, Esq.
William T. Reid, IV, Esq.
Julie N. Searle, Esq.
Diamond McCarthy Taylor Finley & Lee LLP
1201 Elm Street, Suite 3400
Dallas, TX 75270

Timothy S. Perkins, Esq.
Underwood, Perkins & Ralston, PC
5420 LBJ Freeway, Suite 1900
Dallas, TX 75240

John T. Cox, III, Esq.
Lynn Tillotson & Pinker LLP
750 N. St. Paul, Suite 1400
Dallas, TX 75201

Martin A. Sosland
Stephen A. Youngman
Nicole Brandi
Weil, Gotshal & Manges LLP
200 Crescent Court, Suite 300
Dallas, TX 75201

Cynthia Johnson Rerko, Esq.
2605 Hibernia Street
Dallas, TX 75204

Carrington, Coleman, Sloman & Blumenthal, L.L.P.
Jonathan Covin
901 Main Street, Suite 5500
Dallas, TX 75202